In the Matter of the Application of JOSEPH R. GARRETT, Respondent, Appellant, for an Order of Mandamus against S. EARL McDERMOTT, as Commissioner of Public Safety of the City of Cohoes, and Others, Appellants, Respondents.

Third Department, June 22, 1938.

*Henry J. Crawford,* for the petitioner.

*John Doherty* [*James Conboy* of counsel], for the defendants.

BLISS, J. The petitioner, Joseph R. Garrett, was appointed patrolman in the bureau of police, department of public safety,

city of Cohoes, from a civil service eligible list after having taken a competitive examination in 1929. He continued in this position to October 16, 1933, on which date he resigned. The next day, October 17, 1933, he was appointed chief of police of that city, a position in the non-competitive class and he continued as chief to November 24, 1933, when he resigned from this office and on the same day was reappointed patrolman. On February 6, 1934, he was removed by the commissioner of public safety on the ground that his reinstatement for reappointment as a patrolman was illegal. During the time he held the position of chief no new or different examination involving essential tests or qualifications different from or higher than those involved in the examination for patrolman originally taken and successfully passed by the petitioner, had been set up or required. During all of the time between Garrett's resignation as patrolman and his reappointment to that office, subdivision 3 of rule 29 of the Rules and Regulations of the Municipal Civil Service Commission of the City of Cohoes provided as follows: " Transfer from an exempt or non-competitive position to a competitive position, or from a position in the competitive class to a position in a different group of such class, shall be allowed only when the person transferred has qualified in an open competitive examination and is eligible for certification and appointment from the appropriate eligible list for the position to which transfer is proposed and is so certified and appointed. Such certification and appointment shall remove the name of the person transferred from the eligible list. No such transfer shall be allowed when there is an appropriate list of persons eligible for promotion to the position proposed to be filled by transfer."

Likewise, during the same period rule 30 read as follows: " Reinstatement in service. Any person who has held a position by appointment under the Civil Service Rules, and who has been separated from the service through no delinquency or misconduct on his part, may be reinstated without examination in the same or similar position in the same office or grade, within one year from the date of such separation, provided that for original entrance to the position proposed to be filled by reinstatement there is not required by these rules, in the opinion of the Municipal Commission, an examination involving essential tests or qualifications different from or higher than those involved in the examination for original entrance to the position formerly held by the person proposed to be reinstated."

The commissioner of public safety upon removing Garrett assigned as one of his reasons that there was an eligible list of patrolmen in existence on November 24, 1933, and that, therefore,

the appointment was invalid under subdivision 3, rule 29. There has also been passed upon in the court below the question as to whether rule 30 prevented Garrett's reappointment or reinstatement to the position of patrolman. The court held that his reappointment was valid and that Garrett was entitled to the full salary of the office from February 6, 1934, the date of his discharge, to May 6, 1935, the date on which an amendment to section 23 of the Civil Service Law became effective. The court further held that after May 6, 1935, the effective date of this amendment, Garrett was entitled to the salary of the office, less any compensation received from other employment. It was stipulated that after the date when Garrett was removed from office he earned from other sources $2,502, all of which was earned between March 27, 1936, and November 26, 1937.

There is no provision in the Civil Service Law preventing petitioner's reinstatement. In fact it would be permitted under the statute. What petitioner did was to resign from a position in the competitive class of the city service, the next day accept an appointment in the non-competitive class and then within less than a year resign from the non-competitive position and be reappointed immediately to his former position in the competitive class. Subdivision 3 of rule 29 of the Rules and Regulations of the Municipal Civil Service Commission of the City of Cohoes did not prevent Garrett's reappointment. He had already qualified for the position of patrolman in an open competitive examination and, therefore, was eligible for reappointment. Only a list of persons eligible for *promotion* to the position of patrolman would have prevented his appointment under subdivision 3 of rule 29. As far as rule 30 is concerned, petitioner had been separated from the competitive class of the city service through no delinquency or misconduct on his part. He had voluntarily resigned for the purpose of accepting appointment to a higher position, although one in the non-competitive class. He was, therefore, eligible for reinstatement without examination to the position of patrolman for the period of a year. Resignation was not a separation from the service because of delinquency or misconduct on the part of Garrett.

On the subject of back salary, there is no question that his earnings from outside sources after May 6, 1935, must be deducted. (Civil Service Law, § 23, as amd. by Laws of 1935, chap. 734, in effect May 6, 1935.) Previous to May 6, 1935, the law gave him his full wages, for none else occupied the office from which he was removed or received the salary thereof. (Civil Service Law, § 23, as amd. by Laws of 1929, chap. 511, and Laws of 1934, chap. 366.) A stipulation in the record shows that all

the outside earnings of Garrett while he was improperly kept out of the office were earned after the amendment of 1935 became effective, which required the deduction of such outside earnings. What the Legislature gave, it had the right to take away. All of the above-mentioned amendments to section 23 were retroactive.

The judgment should be affirmed.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Judgment affirmed, with fifty dollars costs and disbursements.